**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DUANE ZIEMBA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:11-cv-845 (JAM) |
| | : | |
| MICHAEL LAJOIE, et al., | : | |
| Defendants. | : | |

**RULING DENYING MOTIONS TO COMPEL AND**
**MOTION FOR DISQUALIFICATION OF DEFENDANTS' COUNSEL**

Plaintiff has filed two motions relating to discovery in this case, a Motion to Compel with
Other Relief, and a Motion for Disqualification of Attorney General Representation of
Defendants.  For the reasons that follow, both motions will be denied.

***Motion to Compel (Doc. #130)***

Although captioned a motion to compel, plaintiff seeks to sanction defendants for their
supplemental disclosure of two items four years after the date of his initial discovery request. As
a sanction, he seeks compliance with various discovery requests previously denied by Judge
Underhill when this case was previously on his docket.

Defendants' supplemental compliance consists of two documents. One is a copy of a
letter from plaintiff to defendant Quiros with a note handwritten by defendant Quiros on the
bottom of the page. The letter had been provided previously. The new material is the note. The
second document is a forwarded email message written by defendant Cahill. Counsel states that
he recently became aware of the documents and produced them as soon as he verified their
authenticity. Plaintiff has no evidence to support his contention that counsel was aware of and
deliberately withheld the documents for four years.

Plaintiff argues that the delay in producing the handwritten note has prejudiced him because he was unable to conduct further discovery to show that defendant Quiros was aware that plaintiff's cellmate had been placed on single cell status after he assaulted plaintiff. According to plaintiff, this placement was an acknowledgement of the dangerousness of the cellmate. The handwritten note provides:

> DW Powers
> Please follow up to see if there's any separation issues noted. I know that CPT Cahill moved cellmate out of cell and I placed him on single cell status. I'm not sure about the assault. Please prepare a response for my signature.
> Thanks Q
> 3/15/2010

Plaintiff construes the note to mean that his cellmate was placed on single cell status and bases his claim of prejudice on that interpretation. In opposition to plaintiff's motion, defendants have provided evidence, in the form of defendant Quiros' affidavit and a copy of the log book entry, showing that defendant Quiros placed the plaintiff, not his cellmate, on single cell status. *See* Doc. #139-2 at 2-3 and 5-6. Because plaintiff's cellmate was not placed on single cell status, he was not prejudiced by the late production of the note.

Plaintiff also objects to redactions on the supplemental discovery documents. The redacted information on the first document is the inmate's location. The redacted information on the second document is the identity of the person to whom Deputy Warden Powers forwarded defendant Cahill's email message. Defendants have offered to provide unredacted copies to the Court for in camera review. The Court concludes, however, that review is not necessary.

Defendants contend that it is Department of Correction policy not to disclose the location of an inmate to another inmate. They have provided the affidavit of Deputy Commissioner Rinaldi setting forth that policy. *See* Doc. #139-1. Deputy Commissioner Rinaldi verifies that the

redacted information on the note was the facility to which plaintiff's cellmate had been transferred. Plaintiff challenges this policy on the ground that persons outside of the prison may learn the current location of any inmate using the Inmate Locator on the Department of Correction website. While true, this fact does not require the Department of Correction to abandon the practice of concealing inmate locations to preserve institutional safety and security. Inmates within the prisons do not have access to the Department of Correction website. Further, the name of the institution to which plaintiff's cellmate was transferred after the alleged altercation is not relevant to whether defendants were aware of the cellmate's dangerous propensities and deliberately assigned him to plaintiff's cell.

In the email message, defendant Cahill reports that he spoke with plaintiff and his cellmate regarding the alleged altercation between them. The cellmate questioned plaintiff's veracity and stated he would not become involved in one of plaintiff's lawsuits. Plaintiff refused to speak with defendant Cahill about the alleged altercation. The email message itself contains no evidence to support plaintiff's claims in this action, namely that the defendants moved dangerous inmates into plaintiff's cell and failed to protect him from harm. As the message is not relevant, the identity of the person to whom the message was forwarded can have no relevance to this action.

Defendants also object to the relief sought. They note that Judge Underhill informed plaintiff in February 2014 that the information he requested regarding other inmates could be obtained by serving a Rule 45 subpoena on the Department of Correction. Such information would not be in the possession of defendants in their individual capacities. A subpoena form with instructions was provided to plaintiff. *See* Doc. #87. But plaintiff never served the subpoena on defendants. Plaintiff cannot circumvent the Court's directions by requesting this information as a

sanction. Defendants also note that, although the supplemental disclosure was provided to the

plaintiff several weeks before the telephone conference of February 10, 2015, plaintiff did not

raise any complaints about the documents during the conference.

Plaintiff has not demonstrated any prejudice from the late disclosure of the two

documents or redaction of information contained in them. His primary argument is based on an

erroneous interpretation of defendant Quiros' note. In addition, he is not entitled to the

disclosures he seeks to compel. For these reasons, plaintiff's motion to compel will be denied.

### *Motion for Disqualification (Doc. #133)*

Plaintiff moves for disqualification of counsel pursuant to Rules of Professional Conduct

5.1, 5.2, 5.4, and 5.5.  He alleges that defendants have violated state and federal constitutional

provisions and are not entitled to representation by the Office of the Attorney General and that

counsel has failed to comply with court orders and sought excessive extensions of time. He also

argues that the defendants are not indigent, and presumably, should be required to retain counsel.

When deciding whether to disqualify an attorney, the Court "must balance 'a client's

right freely to choose his counsel' against 'the need to maintain the highest standards of the

profession.'" *GSI Commerce Solutions, Inc., BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir.

2010) (citation omitted). Violation of disciplinary codes, standing alone, do not warrant

disqualification. "Disqualification is warranted only if 'an attorney's conduct tends to taint the

underlying trial.'" *Id.* (citation omitted).

Plaintiff cites Rules of Professional Conduct 5.1, 5.2, 5.4, and 5.5 in support of his

motion. Part 5 of the ABA Model Rules of Professional Conduct concerns law firms and

associations. The cited rules deal with the following topics: Rule 5.1 Responsibilities of Partners,

Managers and Supervisory Lawyers; Rule 5.2 Responsibilities of a Subordinate Lawyer; Rule

5.4 Professional Independence of a Lawyer; and Rule 5.5 Unauthorized Practice of Law; Multijurisdictional Practice of Law. These sections of the Connecticut Rules of Professional Responsibility mirror the ABA rules. None of these rules apply to the plaintiff's argument that counsel failed to comply with court orders.

Defendants note that the Office of the Attorney General is required by statute to provide a defense for state officers or employees in any civil action in state or federal court which arises out of the officer's or employee's scope of employment unless the Attorney General determines that representation would be inappropriate. Conn. Gen. Stat. § 5-141d(b). Contrary to plaintiff's assumption, there is no requirement that any defendants be indigent before they are entitled to representation. As the Office of the Attorney General has not found that representation would be inappropriate, it is required to represent the two defendants in this case.

Plaintiff's assertion that counsel has not complied with court orders and has filed numerous requests for extension of time is insufficient to demonstrate that allowing counsel to continue to represent the defendants would taint any trial in this case. Accordingly, plaintiff's motion for disqualification is denied.

## CONCLUSION

Plaintiff's motions to compel and for disqualification (Docs. #130, #133) are DENIED.

SO ORDERED this 12th day of June 2015, at Bridgeport, Connecticut.

*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge